## HERRIN v. WOODWARD.

1. It seems that a judgment against a sheriff and his sureties for failing to pay over money collected, will not carry damages at the rate of five per cent. a month until the sum is collected; but whatever the construction of the statute is, a coroner is not liable for the omission to collect the five per cent. per month when neither the execution nor judgment directs it to be done.

Writ of Error to the Circuit Court of Clarke.

MOTION by Herrin against Woodward, as coroner of Clarke county, for failing to collect money on an execution issued at his suit, against the sheriff of said county and his sureties.

At the trial, it appeared that a judgment was rendered at the April term, 1846, in favor of the plaintiff against one Savage as sheriff, and others as his sureties, for failing to pay over money collected on a certain execution for the sum of $1293, as well as $16 (this being five per cent. per month for damages for failing to pay over the first sum,) besides costs. On this an execution issued, directing the coroner to make the above named sums. The execution was indorsed to compute interest from the 4th April, 1846, with a direction that no security of any kind was to be taken on the *fi. fa.* The sheriff attested the principal sum and interest, but did not collect five per cent. per month on the amount of the execution.

The plaintiff requested the court to charge the jury, that the five per cent. per month as damages against a sheriff for failing to pay over moneys collected, must be computed from the date of the demand from the sheriff until the money was collected. This the court refused, but instructed the jury, that under the execution in this case, the coroner was not bound to collect five per cent. after the rendition of the judgment against the sheriff for failing to pay over money collected; and that nothing more than the legal rate of interest

Herrin v. Woodward.

should have been collected on the judgment so rendered. The plaintiff excepted to the charge given, as well as to the refusal to give the one requested, and now assigns these matters as error.

J. W. PORTIS, for the plaintiff in error, cited Dig. 217, § 81; 218, § 83; 219, § 88; Barton v. Peck, 1 S. & P. 486; and insisted the true construction of the statutes was, that the damages should be computed until the entire sum was collected from the sheriff.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—There can be no question as to the construction of the first statute found in our Digest, or the mode by which the damages shall be computed, when the judgment is against a sheriff for failing to pay over money collected, as the direction is express that these shall be at the rate of *fifteen per cent. per annum* from the return day of the execution until the judgment shall be discharged, and the court is required to give judgment accordingly. [Dig. 217, § 81.] So too the statute of 1824, which gives a summary remedy against constables and their sureties, provides in the same express manner that the damages of five per cent. per month shall continue after the judgment, and until the money is paid; the clerk too, is directed to frame his execution so as to advise the sheriff of this circumstance. [Dig. 219, § 88.] The act of 1826, under which the judgment was had against the sheriff and his sureties, omits entire these specific directions for the continuance of the damages, and we incline to think the proper construction is, that the extraordinary damages are only to be computed until the judgment is rendered, and that it afterwards carries only the customary interest. If the intention was to give the damages in the same manner as is allowed by the two other statutes referred to, nothing was more simple than to have inserted similar provisions in this. [Dig. 218, § 83.] But whatever may be

100

the true construction of the act, we think the coroner in this case was not subjected to the burthen of deciding, as his entire authority to collect is based on the execution, and that certainly gives no warrant to collect more than the usual rate of interest. · Even if he was called upon to refer back to the judgment, it would be the same, as that does not indicate that any thing more than the named sums are recovered, or are to be collected from the defendants.

Judgment affirmed.